# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**NAPOLEON L. EDWARDS**   **PLAINTIFF**

v.   No. 3:18CV96-JMV

**MARSHALL COUNTY CORRECTIONAL FACILITY**
**TIMOTHY OUTLAW**
**KENJI TERRY**   **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Napoleon L. Edwards, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated his right to due process during prosecution of a prison Rule Violation Report against him. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On November 30, 2015, Mr. Edwards received a Rule Violation Report ("RVR") (# 01669394) for entering an unauthorized area (the watch tower in his unit of the Marshall County Correctional Facility). He also received a Rule Violation Report (# 01669376) for assaulting a prison guard and causing serious injury. He was transferred out of Marshall County Correctional Facility immediately after these incidents. At a hearing on the matter, the Disciplinary Hearing Officer found Mr. Edwards guilty of both rule violations. As punishment for Rule Violation Report # 01669394, he

received 18 months loss of all privileges, while he received only 30 days loss of privileges for Rule Violation Report # 01669376. He was moved so quickly after the infractions that he did not receive a copy of RVR # 01669376. He challenged both of the guilty findings of the Rule Violation Reports through the prison grievance process, and Warden Timothy Outlaw, in his responses to the grievances, inadvertently switched the RVR numbers and charges. He stated that RVR # 01669394 involved an assault on an officer – and that RVR # 01669376 involved entering an unauthorized area. Mr. Edwards did not receive copies of the grievances he filed challenging the guilty findings. The appeals were denied, and Mr. Edwards sought relief through the state courts, which also denied relief.

## Due Process in the Prison Context

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners:

(1) Advanced written notice of the claimed violation;
(2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;

(3) The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);
(4) The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was loss of privileges for a total of 19 months. Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and they will be dismissed for failure to state a claim upon which relief could be granted.

**Conclusion**

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of June, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE